Shapiro, Van Ess & Sherman, LLP
3636 N. Central Ave., Suite #400
Phoenix, AZ 85012
(602)222-5711
(602)222-5701 Facsimile
(847) 627-8802 Facsimile
AZNotices@logs.com, e-mail
Jason P. Sherman, Bar # 019999
Lydia R. Tulin, Bar #027093
Attorney for Truwest Credit Union
[FILE 19-027343 OCT]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

In re:

MARK ROBERT VARGOVICH,

Debtor.

Case # 2:19-bk-10704-PS

Chapter 13

**OBJECTION TO CHAPTER 13 PLAN BY**
Truwest Credit Union

Truwest Credit Union, ("TRUWEST"), a secured creditor in this bankruptcy case, through undersigned counsel hereby objects to the confirmation of the Chapter 13 Plan filed by the Debtor for the reasons stated below.

1. TRUWEST is the holder of a note ("the TRUWEST Note"), secured by a deed of trust recorded in the first position against certain real property, ("the Property"), generally described as 81 Standage Drive, Payson, AZ 85541 and legally described as:

    LOT 81, TONTO VILLAGE TWO, ACCORDING TO MAP NO. 245, RECORDS OF GILA COUNTY ARIZONA

True and correct copies of the Note and Deed of Trust held by TRUWEST are attached to the TRUWEST Proof of Claim. Upon information and belief, the above-described real property is the principal residence of the Debtor.

2. Under the terms of the TRUWEST Note, the loan matured prepetition.

TRUWEST objects to the Debtor's attempt to modify or otherwise extend the maturity date on the loan. TRUWEST also objects to the Debtor's attempt to "maintain and pay." Because the subject loan matured pre-petition, this Debtor may not delay payment of an already-matured debt by filing the Chapter 13 petition and thus may not cure this payment default. See In Re Seidel 752 F.2d 1382 (9th Cir. 1985)( when debt has already matured, 'cure' as defined by these courts cannot aid the debtor, since reinstatement of the original terms of the debt will merely make the debt immediately due and payable). See also In Re Schilling, *64 B.R. 319 (1986)*, "The Seidel court recognized, as this Court does, the very significant difference between a debt which had been accelerated prepetition, and a debt which matured naturally, without acceleration, prepetition. **Id. at 1386**. In the former case, a cure under § 1322(b)(5) reinstates the original payment terms of the debt, and allows the debtor to satisfy the creditor by resuming what are usually monthly payments. This option is not available when the debt had already matured prepetition." Id. [1]

3. The plan incorrectly states the amount of the default on the TRUWEST Note to be cured due to the loan's maturity in January 1, 2019. The correct amount to be paid over the life of the plan, pursuant to the Proof of Claim filed by TRUWEST is as follows:

TOTAL AMOUNT DUE at the time the case was filed:

**TOTAL CLAIM:** $62,380.96[2]

WHEREFORE, TRUWEST objects to confirmation of the chapter 13 Plan.

---

[1] In the event the Court determines that the Debtors may modify this loan, modification of a secured claim under a Chapter 13 matter must be done in a manner consistent with § 1322(b)(2). *See, In re Enewally*, 368 F.3d 1165, 1172 (9th Cir. 2004). Section 1322(b)(2) does not permit repayment of the secured claim over a period beyond the life of the plan. *See id.*

[2] TRUWEST has not included post-petition bankruptcy attorneys' fees and costs, which were incurred post-petition.

DATED this 18 day of September, 2019.

                                      Shapiro, Van Ess & Sherman, LLP

                                      _____

                                      Jason P. Sherman
                                      Lydia R. Tulin
                                      Attorney for Truwest Credit Union

Original filed this 18 day of September, 2019 with:

United States Bankruptcy Court
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706

Copy of the foregoing was mailed this 18 day of September, 2019 to:

Chapter 13 Trustee:
Edward J. Maney
101 N. First Ave, Suite 1775
Phoenix, AZ 85003

Attorney for Debtor:
Nathan A Finch
Catalyst Legal Group, PLLC
1820 E. Ray Road
Chandler, AZ 85225

Debtor:
Mark Robert Vargovich
412 W. Stadage Dr
Payson, AZ 85541

By _____