Mark Brnovich
Attorney General
Firm State Bar No. 14000

Christopher J. Dylla
Assistant Attorney General
State Bar No. 027114
Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-8389
Facsimile: (602) 542-4273
Email: christopher.dylla@azag.gov
Attorneys for the State of Arizona
 *ex rel*. Arizona Department of Revenue

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| MARK ROBERT VARGOVICH<br>SSN: XXX-XX-5893 | Case No. 2:19-bk-10704-PS |
| Debtor. | **OBJECTION TO CONFIRMATION OF ORIGINAL CHAPTER 13 PLAN** |
| | Docket No. 15 |

The State of Arizona *ex rel.* Arizona Department of Revenue ("Department") objects to the *Original Chapter 13 Plan* ("Plan"), filed by Mark Robert Vargovich ("Debtor") on September 11, 2019, as follows:

1. The Department is the agency empowered and entitled to enforce Arizona tax laws and regulations, including but not limited to individual income taxes, transaction privilege taxes ("TPT') and withholding taxes ("WTH"). A.R.S. §§ 43-208; 42-1004 *et seq*.; 43-101 *et seq*.

2. Debtor is an individual residing in the State of Arizona and upon information and belief

is required to file and pay certain tax liabilities to the Department, including individual income taxes. *See* A.R.S. §§ 43-301, 43-501.

3. Additionally, the Debtor owns a corporation known as Inland Oasis Group Inc. and is doing business as Draft House on the Reef or simply the Reef. Additionally, the Debtor is or was a member and/or an officer of East Mesa Lodge No. 2082, Loyal Order of Moose Lodge #2082 (collectively "Debtor's Businesses"). Upon information and belief, Debtor's Businesses are or were required to file and pay certain tax liabilities to the Department, including TPT and/or WTH taxes. Failure of the Debtor to remit to the Department monies collected for TPT and WTH taxes may create responsible party penalties being assessed against the Debtor personally pursuant to A.R.S. §§ 42-5028, 43-435.

4. The Department filed a proof of claim establishing a priority claim in the amount of $20,118.62, and a general unsecured claim in the amount of $29,010.73. A true and accurate copy of the Department's First Amended Proof of Claim ("Claim") dated October 31, 2019 is No. 8-2 on the Court's Claims Register. In addition, the Department's Claim indicates that the Debtor has failed to file the tax returns indicated below ("Outstanding Returns"):

| Income | 2013, 2014, 2015, and 2017 |

5. As indicated in the Department's Claim, the Debtor has failed to file all tax returns as required by 11 U.S.C. § 1308. Failure of the Debtor to file the Outstanding Returns constitutes cause to convert or dismiss the case. *See* 11 U.S.C. § 1307(e), Local Rule of Bankruptcy Procedure 2084-5. Moreover, the Plan cannot be confirmed until such time that the Debtor files the Outstanding Returns. 11 U.S.C. § 1325(a)(9). Signed, dated, and non-redacted copies of the returns may be sent to sandra.carlson@azag.gov, which the Department will accept as

filed on the date that they are received by the Attorney General's Office.

6. The Department's Claim is entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(8)(A). The Plan is required to provide payment in full of all priority claims, unless the claimant agrees otherwise. 11 U.S.C. § 1322(a)(2). Here, the Department has not agreed to different treatment than what Section 1322 requires and the Plan does not provide for the full payment of the Department's priority claim. Therefore, the Plan cannot be confirmed. 11 U.S.C. § 1325(a)(1).

7. Upon the filing of the petition for relief, the Debtor became a debtor in possession and is acting as a trustee with limited powers. 11 U.S.C. §§1303, 1306(b). *See also In re DiSalvo*, 219 F.3d 1035, 1039 (9th Cir. 2000); *In re Cohen*, 305 B.R. 886, 897 (B.A.P. 9th Cir. 2004). As such, the Debtor is required to "manage and operate property in his possession" "according to the laws to the state in which property is located." 28 U.S.C. §§959(b) and 960. The Debtor is the sole member of Debtor's Businesses, which under Arizona law has a duty and a requirement to prepare and timely file TPT and WTH returns showing the amount that the Debtor's Businesses are liable for and to timely remit all amounts owed to the Department. A.R.S. §§42-5014(G), 43-401. Therefore, pursuant to 28 U.S.C. §§959(b) and 960, the Debtor also has this duty and requirement while in bankruptcy. To the extent that Debtor's Businesses, by way of Debtor, does not timely file all postpetition TPT and WTH returns and timely pay all postpetition liabilities owing to the Department, the Department conditionally objects to confirmation. 11 U.S.C. § 1325(a)(1).

8. The Debtor's schedules indicate that the Debtor has an insufficient amount of disposable income with which to fund the Plan as well as pay the Department's Claim,

therefore the Plan is not feasible.  11 U.S.C. § 1325(a)(6).

9. The Debtor discloses within Schedules I and J and/or the Statement of Financial Affairs that Debtor owns and continues to operate at least one business. Upon information and belief, the Department alleges that the Debtor is required to file monthly business operating statements with the Court in accordance with 11 U.S.C. §§ 1304(c) and 704(a)(8) for the Debtor's business. *See also* Fed. R. Bankr. P. 2015(c)(1). The Debtor has not filed any operating reports with the Court obfuscating whether the plan, as proposed, is feasible. Accordingly, the Department objects to the feasibility of the Plan. 11 U.S.C. §§ 1325(a)(1), 1325(a)(6).

10. The Debtor's Plan does not provide for full payment to unsecured creditors, therefore the Debtor must provide all projected disposable income to unsecured creditors. 11 U.S.C. § 1325(b). Upon information and belief, the Debtor has not committed all projected disposable income to unsecured creditors by either underestimating Debtor's projected income and/or overestimating projected living expenses. The Department objects to confirmation accordingly. 11 U.S.C. §§ 1325(a)(1), 1325(a)(3).

11. The Department reserves the right to amend, supplement, or withdraw its objection.

## Conclusion

Any Chapter 13 plan proposed by the Debtor must provide for and eliminate the objections specified herein in order to be reasonable and to comply with applicable provisions of 11 U.S.C. § 1325. Since the Plan, as it is currently proposed, does not comply with 11 U.S.C. § 1325, the Plan cannot be confirmed.

WHEREFORE, the Department prays as follows:

4

1. That Confirmation of the proposed Chapter 13 Plan be denied, or in the alternative, that the Plan be amended or modified to remedy the Department's objections herein;

2. That failure of the Debtor to amend or modify the Plan to conform with the Bankruptcy Code in a reasonable time, that the Court dismiss or convert this case to a Chapter 7; and

3. For such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 31st day of October, 2019.

MARK BRNOVICH
Attorney General

/s/ CJD No. 027114
Christopher J. Dylla
Assistant Attorney General
Attorney for the State of Arizona
  *ex rel.* Arizona Department of Revenue

ORIGINAL of the foregoing filed electronically this 31st day of October, 2019 with:

United States Bankruptcy Court
District of Arizona

COPY of the foregoing sent by email this 31st day of October, 2019 to:

| | |
|---|---|
| Nathan A. Finch | Edward J. Maney |
| Catalyst Legal Group, PLLC | Chapter 13 Trustee |
| 1820 E. Ray Rd. | 101 N. First Ave., Ste. 1175 |
| Chandler, AZ 85225 | Phoenix, AZ 85003 |
| ecf@catalyst.lawyer | service@maney13trustee.com |
| *Attorney for Debtor* | *Chapter 13 Trustee* |

/s/ Sandy Carlson
#8311122/BCE17-04599

5