Nathan A. Finch (#031279)
Michael W. Thrall (#031172)
**Catalyst Legal Group, PLLC**
1820 East Ray Rd.
Chandler, AZ 85225
602.456.2233
*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:

MARK VARGOVICH

Debtor.

Chapter 13 Proceedings

Case 2:19-bk-10704-PS

**MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE**

COME NOW, Mark Vargovich ("Debtor") by and through undersigned counsel asks the Court to approve Debtor's compromise agreements with SM Financial Services Corporation ("SMF"). The aforementioned Vargovich and SMF are hereinafter collectively referred to as the "Parties".

### I. Terms of Compromise Agreements

The dispute between the Debtor and SMF involved the Debtor's Chapter 11 Bankruptcy (2:17-bk-13376) in which SMF alleges the Debtor failed to adequately disclose ownership interest in the business entity "Inland Oasis" and properly treat SMF's interest in the Plan.

The full terms of Debtor's compromise with SMF are set forth in full in *Exhibit A*, thus resolving the Objection filed by SMF in case 2:17-bk-13376. The agreement provides that the Debtor shall pay the total sum of $15,000.00 (the "Settlement Amount") to SMF in full

satisfaction of any and all claims that could have been asserted against the Debtor. Parties believe the Agreement will further save the estate the possible costs, delays, uncertainty and inconvenience of continued litigation.

**II.     Analysis**

The Debtor, in the exercise of its best business judgment and in consideration of the requirements of *A&C Properties*, 784 F.2d 1377 (9th Cir. 1986), In re *Woodson*, 839 F.2d 610 (9th Cir. 1988), and In re *Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997), believes that the proposed compromise agreements reflect appropriate resolutions of the claims and disputes identified above.

Bankruptcy courts have broad discretion in approving compromise agreements. In re *Woodson*, 839 F.2d at 620. The Court may approve a compromise if it is fair and equitable. Id. In determining the fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views.

Consideration of these factors does not require the Court to decide questions of law or fact raised in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d cir. 1972) cert. denied. 409 U.S. 1039 (1972); see also In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness). Accordingly, if the court finds the compromise does not fall below the

threshold of reasonableness, the compromise should be approved. In re *Planned Protective Serv., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

A.   **Analysis of Compromise**

The dispute with SMF involved an ownership interest with little actual value, but a significant amount of potential legal fees to resolve the issue. Further the actual outcome of the potential litigation was far from certain. Faced with these uncertainties, and SMF's offer to settle these claims, Debtor concluded that SMF's proposal would actually be better for Debtor and its estate than winning at a contested hearing.

III.   **Conclusion**

For the foregoing reasons, the Debtor believes the proposed settlement is in the best interest of the creditors and parties-in-interest in this bankruptcy case as they avoid the substantial expense of litigation over issues which would Debtor could lose, or for which success may have proven worse than the proposed settlement.

WHEREFORE, Debtor prays for an order of this court approving the compromise agreements set forth above and attached.

Respectfully submitted this 29th of January, 2020

**CATALYST LEGAL GROUP, PLLC**

*/s/ Nathan A. Finch*
Nathan A. Finch
1820 E. Ray Road
Chandler, AZ 85225
*Attorney for Debtor*